UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHRISTIAN MCKNIGHT,

**17CV 2481**

                                              Plaintiff,                  **COMPLAINT**

      -against-

                                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and NEW YORK CITY
POLICE OFFICERS: P.O. EDWIN ESPINAL
SERGEANT RYAN GILLIS, P.O. ERIC HEALY, and
LIEUTENANT JEREMY SCHEUBLIN, in Their Official
Capacities and Individually,

                                             Defendants.
-------------------------------------------------------------------------X

       Plaintiff, CHRISTIAN MCKNIGHT, pro se, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.     Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, secured by the said statutes and the Constitutions of the State of New York and of the United States.

### JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

    3.     Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), as the District in which the claims arose.

## JURY DEMAND

4. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff was a resident of the City and State of New York.

6. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains the New York City Police Department, a duly authorized Public Authority and Police Department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

7. At all times hereinafter mentioned, the individually named defendants: P.O. EDWIN ESPINAL, SERGEANT RYAN GILLIS, P.O. ERIC HEALY, and LIEUTENANT JEREMY SCHEUBLIN were duly sworn police officers of the New York City Police Department and were acting under the supervision of the said department and in accordance with their official duties, and individually.

8. At all times hereinafter mentioned, all of the Defendants, either personally, individually or through their employees, were acting under color of state law and in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and the City of New York.

9. Each of the alleged acts of the said Defendant police officers of the New York City

Police Department were done by said Defendants while acting within the scope of their employment by Defendant, THE CITY OF NEW YORK and while acting in furtherance of their employment by Defendant, THE CITY OF NEW YORK,

10. All of the Defendant police officers are being charged and sued herein in both their individual and official capacities.

## FACTS

11. On or about April 10, 2014 at about 9:28 PM, Plaintiff was a pedestrian on a public sidewalk in the County of the Bronx, on St. Raymonds Avenue between Odell Street and Olmstead Avenue and was not engaged in any illegal activity nor was he in possession, custody or control of a weapon or any other illegal matter.

12. At the aforesaid date and approximate time, large numbers of officers of the New York City Police Department arrived at the aforesaid location, and proceeded to stop, handcuff, search put me and other persons present on the street down on the pavement. Participating in the aforesaid actions were defendant Police officers P.O. EDWIN ESPINAL, SERGEANT RYAN GILLIS, and defendant, P.O. ERIC HEALY.

13. Defendant LIEUTENANT JEREMY SCHEUBLIN, came to the aforesaid location inspected the scene, and conferred with supervisory New York City Police Officer Sergeant. RYAN GILLIS and police Officer EDWIN ESPINAL and in conjunction with said officers made the decision and authorized the decision to arrest me and the others and send us to the 43rd precinct to further detain us and charged me with possession of 2 guns allegedly found on the street, processed my arrest, created arrest records charging me with possessing 2 dangerous weapons, despite the fact that I did not possess nor was I in custody or control of any weapons or anything else that was illegal, and had not

committed any crimes in the presence of any of the police officers any crimes, nor had committed any crimes whatsoever.

14. At about the aforesaid time and date, Defendant, Sergeant RYAN GILLIS who had arrived at the aforesaid location with Defendant officer EDWIN ESPINAL stopped people on the aforesaid street at gunpoint, and put them on the ground. Defendant, Sergeant RYAN GILLIS called for other New York City Police officers to come the aforesaid location and directed the officers from to restrain and detain the individuals who were present on the said sidewalk, including the plaintiff herein.

15. Defendant, Police Officer EDWIN ESPINAL arrived at the aforesaid location at the aforesaid date and approximate time, and arrested a person, who is not the plaintiff in this action, who was isolated and separated from the vicinity of the other people present on the street including plaintiff herein, for possession of one of the weapons allegedly found on the street, and also directed other police officers at the aforesaid location to detain and restrain the other people on the aforesaid street, including plaintiff.

16. Defendant officer P.O. ERIC HEALY arrived the aforesaid location at the aforesaid date and approximate time, and participated in the mass arrest including handcuffing and putting people on the ground.

17. The defendant police officers that did not actively participate in my unlawful arrest could see and had to have been aware that their fellow officers lacked probable cause for my arrest and imprisonment, yet failed to take reasonable steps to intervene or prevent the other defendant police officers from the willful violation of plaintiff's constitutional rights. At no time did any of the defendant officers, take any steps to intervene or prevent, or otherwise limit the illegal, unlawful and

unconstitutional conduct engaged in by their fellow officers against the Plaintiff.

18. I was placed together with other handcuffed people on the street who were all african-american males in a police van wherein we were chained, and transported to the 43rd precinct of the New York Police Department where we were put into cells and further imprisoned, and thereafter transported as prisoners to another location and put into other cells in an area known as Central Booking in the County of Bronx, where we were further imprisoned.

19. Numerous persons including myself were all charged with possession of the same 2 weapons which were allegedly found on the ground at locations where I could not have exercised custody and control over said weapons, and did not exercise custody and control over said weapons.

20. At the 43rd precinct in the County of the Bronx, I was fingerprinted had my picture taken, held in a cell while arrest records were created by the police officers of the New York City Police Department.

21. At the 43rd precinct, my Arrest Reports and Arrest Records were prepared by Defendant officer PO EDWIN ESPINAL, and reviewed and approved by supervisory officer, Defendant, Sergeant RYAN GILLIS, which reports falsely charged me with possession of 2 dangerous weapons. On information and belief, these Arrest Reports, and arrest records, will remain on my records for the rest of my life.

22. Defendant officer EDWIN ESPINAL, with the approval of Defendant Sergeant RYAN GILLIS made and created false and misleading police reports accusing me of possessing 2 dangerous weapons and filed and forwarded these false reports to prosecutors in the Bronx County District Attorney's office.

23. At no time did any of the defendants have probable cause to seize, detain or arrest

me, nor was it reasonable for the defendants to believe that such cause existed.

24. The District attorney of Bronx County did not find that I had committed any crime and did not charge me or prosecute me for possession of the aforesaid 2 weapons for which I was unlawfully detained.

25. As a result of the foregoing, I sustained, *inter alia*, loss of liberty, fear, emotional distress, mental anguish and humiliation, injury, and the deprivation of my constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of the Individual Defendants, their agents, servants and employees were carried out under color of law.

28. The acts complained of were carried out by the aforementioned individual defendants in their individual capacity and in their capacities as New York City police officers, with all the actual and apparent authority attendant thereto.

29. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual New

York City Police officer defendants in their capacities as police officers of the New York City Police Department pursuant to the customs, usages, practices, procedures, of the New York City Police Department and rules of THE CITY OF NEW YORK.

31. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, injury embarrassment and humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 31 with the same force and effect as if fully set forth herein.

33. As a result of the defendants' aforementioned conduct, plaintiff was were subject to an illegal and improper false arrest by the defendants and taken into custody to be falsely imprisoned, detained, confined, incarcerated without probable cause, privilege or consent.

34. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, and deprived of his constitutional rights..

## THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein at length.

36. Defendant police officers of the New York City Police Department had an affirmative duty to intervene to protect the constitutional rights of the Plaintiff herein from being violated by the

other officers in their presence.

37. At no time did the defendants have probable cause, legal justification, or any legal basis for seizing, searching, arresting, detaining and imprisoning Plaintiff.

38. Said officers had reason to know that the Plaintiff's constitutional rights were being violated in their presence and had a realistic opportunity to intervene to prevent same from occurring, but failed to do so.

39. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

40. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

41. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right: a) not to be deprived of liberty without due process of law; b) to be free from seizure and arrest not based upon probable cause; c) not to have cruel and unusual punishment imposed upon them; and d) to receive equal protection under the law.

42. As a result of the foregoing, Plaintiff sustained *inter alia*, loss of liberty, emotional distress, fear anguish, humiliation and the deprivation of his constitutional rights.

**WHEREFORE,** as a result of all the foregoing, Plaintiff CHRISTIAN MCKNIGHT, is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00) and demands judgment against each of the Defendants in the sum of ten million dollars ($10,000,000.00)

in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, and the costs and disbursements of this action.

Dated: New York, New York
      March 29, 2017

*[signature]*

CHRISTIAN MCKNIGHT
Plaintiff pro se #72522-054
ADDRESS: MDC 80 29th Street
              Brooklyn, NY 11232